JANE DOE, Petitioner–Appellant, and **CHILD SUPPORT ENFORCEMENT AGENCY, STATE OF HAWAII**, Petitioner, v. **JOHN ROE**, Respondent–Appellee

NO. 13990

(FC–P NO. 87–0128)

MAY 29, 1990

BURNS, C.J., HEEN, AND TANAKA, JJ.

## OPINION OF THE COURT BY BURNS, C.J.

Co–petitioner Jane Doe (Mother) appeals the family court's June 29, 1989 Order Re Child Support and Costs (June 29, 1989 Written Decision and Order) and July 26, 1989 Order Denying Motion for Reconsideration (July 26, 1989 Written Decision and Order). We reverse the July 26, 1989 Written Decision and Order; vacate item "3" of the June 29, 1989 Written Decision and Order; and remand for further proceedings consistent with this opinion.

## FACTS

Mother gave birth to a male child on September 10, 1986. Mother testified that both the pregnancy and birth were very difficult and expensive. In December 1986 Mother filed a petition for paternity against John Roe (Father). Since Father had departed Hawaii and Mother was unable to effect service, Mother withdrew the petition and obtained the assistance of the Department of Corporation Counsel of the City and County of Honolulu (Corporation Counsel), counsel for the Child Support Enforcement Agency of the State of Hawaii. Corporation Counsel filed the petition in this case on March 3, 1987. After a great deal of difficulty in effecting service, Father was personally served in Agoura, California, on January 22, 1988. On December 14, 1988 the family court entered a judgment determining Father to be the child's father; ordering him to pay to Mother child support of $310.00 per month

commencing October 10, 1988 and to the State of Hawaii Department of Human Services $3,064.67 for birth–related medical and hospital expenses; and scheduling the issues of past child support and costs of service for hearing at a later date.

The remaining issues were heard on March 17, 1989. At the conclusion of the hearing, the family court orally stated (March 17, 1989 Oral Decision and Order) that it would order Father to pay retroactive child support of $1,755.00 ($65.00 per month from September 10, 1986 through December 8, 1988) at the rate of $50.00 per month and would deny Mother's request for costs incurred in retaining a private investigator.

The June 29, 1989 Written Decision and Order, which differs from the March 17, 1989 Oral Decision and Order, states in relevant part as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that

\* \* \*

2. **Retroactive Child Support**: [Father] shall pay to [Mother] retroactive child support in the amount of $65.00 per month. Said retroactive child support shall be paid from September 10, 1986 to October, 1988, for a total amount of $1625.00. Said retroactive child support shall be liquidated at the rate of $50.00 per month.·

\* \* \*

3. **Costs**: The request for costs incurred by [Mother] in effecting service on [Father], costs incurred by [Mother] for the child's clothing, furnishings and effects, and costs incurred by [Mother] as a result of her pregnancy, is denied.

Record at 150–51.

Mother's July 17, 1989 Motion for Reconsideration asked only for a reconsideration of the "decision denying [Mother's] request for costs incurred by [Mother] in effecting service on

[Father], costs incurred for the child's clothing, furnishings and effects, and cost incurred by [Mother] as a result of her pregnancy." Her memorandum in support thereof attacked only the denial of costs in effecting service. It states in relevant part:

[Mother] testified that she had incurred expenses in the amount of $6239.87 in attempting to locate and serve [Father]. She further testified that she hired private investigators in various states who reported to her that based on their investigations, [Father] was attempting to evade service. Costs are properly imposed upon a party who makes a suit necessary by persisting in unjustifiable acts, ... or who has unnecessarily increased the cost of the litigation.

Record at 138–39 (citation omitted).

On July 26, 1989 the family court denied Mother's July 17, 1989 Motion for Reconsideration on the ground that it was untimely filed.

## DISCUSSION
### I.

The first issue is whether the July 17, 1989 Motion for Reconsideration was timely filed. Our answer is yes.

Rule 54(a), HFCR, provides:

**Rule 54. DECREES; DECISION; DECISION AND ORDER; ENTRY; COSTS.**

**(a) Definition; Form.**

(1) "Decree" as used in these rules includes a written decree, a written judgment or any written order from which an appeal lies. * * *

(2) "Decision" as used in these rules is a written or oral decision issued by the court determining all or part of the issues raised by a pleading or pleadings in any action,

where no decree or order is embodied or announced in the decision.

(3) "Decision and Order" as used in these rules is a written or oral decision issued by the court determining all or part of the issues raised by a pleading or pleadings in any action, where appropriate orders are embodied in or announced together with the decision.

(4) "Entry" as used in these rules is synonymous with the word "filing."

Rule 59, HFCR, states in relevant part:

**(d) Time for Motion.**

(1) A motion for further hearing or reconsideration of decision shall be filed not later than 20 days after the announcement or filing of a decision whichever occurs sooner.

\* \* \*

**(g) Motion for Reconsideration, Alteration or Amendment of Decree, Order or "Decision and Order."**

(1) A motion for reconsideration of the decree, order or "decision and order" shall be filed not later than 20 days after filing of the decree or order or announcement of the "decision and order," whichever occurs sooner.

\* \* \*

The family court's March 17, 1989 Oral Decision and Order was an oral "decision and order." Under Rule 59(g)(1), Mother was allowed 20 days after the March 17, 1989 Oral Decision and Order to file a motion for its reconsideration. She did not do so.

The family court's June 29, 1989 Written Decision and Order was both a written "decision and order" and a "decree." If this June 29, 1989 Written Decision and Order did not materially differ from the March 17, 1989 Oral Decision and Order, Mother's July 17, 1989 Motion for Reconsideration would have been barred by the

phrase in HFCR Rule 59(g)(1) "whichever occurs sooner." Fortunately for Mother, the June 29, 1989 Written Decision and Order materially differed from the March 17, 1989 Oral Decision and Order.

Since the announcement of the March 17, 1989 Oral Decision and Order more than 20 days prior to the filing of the June 29, 1989 Written Decision and Order did not preclude a timely motion to reconsider the June 29, 1989 Written Decision and Order, Mother's July 17, 1989 Motion for Reconsideration was timely filed within the 20–day period allowed by Rule 59(g)(1).

## II.

The second issue involves the denial in the June 29, 1989 Written Decision and Order of Mother's request for an order requiring Father to reimburse the $6,239.87 actual costs of serving the petition on him. Hawaii Revised Statutes (HRS) Chapter 584 is Hawaii's version of the Uniform Parentage Act. HRS § 584–16 (Supp. 1989) states as follows:

> **Costs.** The court may order reasonable fees of counsel, experts, and the child's guardian ad litem, and other costs of the action and pre–trial proceedings, including genetic tests, to be paid by the parties in proportions and at times determined by the court. The court may order the proportion of any indigent party to be paid by the State, or such person as the court shall direct.

The family court's denial was based on its conclusion that HRS § 584–16 did not authorize it to order Father to reimburse Mother her actual costs of service. We disagree. In our view, HRS § 584–16 gives the family court the discretion to order Father to reimburse Mother her reasonably incurred actual costs of service. To the extent that Mother can prove Father's bad faith attempts to

avoid service, the merits of her request are that much more compelling.

### III.

The third issue involves the setting, in the June 29, 1989 Written Decision and Order, of the child support for the period from September 10, 1986 through October 1988 at $65.00 per month. Mother contends that there were no exceptional circumstances in the record to warrant departure from the family court child support guidelines (Guidelines) established pursuant to HRS § 576D–7 (Supp. 1989).

We do not reach the exceptional circumstances issue. In cases where the record does not include (1) evidence of the relevant financial information from which the amount of child support can be computed pursuant to the Guidelines and (2) the computations made pursuant to the Guidelines (Guidelines' Amount), we will not consider the appellant's contention that the family court's decision to award less than the Guidelines' Amount was unsupported by exceptional circumstances. In other words, the Guidelines' Amount must be proven before it can be argued that the amount awarded by the family court is an unauthorized deviation from the Guidelines' Amount.

In this case, there is no evidence on the record of the relevant financial information for the time prior to October 10, 1988 or of the Guidelines' Amount.

### CONCLUSION

Accordingly, we reverse the family court's July 26, 1989 Order Denying Motion for Reconsideration; vacate item "3" of its

June 29, 1989 Order Re Child Support and Costs; and remand for further proceedings consistent with this opinion.

Co–petitioner/appellant *Jane Doe*, pro se, on the brief.